UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X
Xiaochun Gao, individually and on behalf of all other
Employees similarly situated,

        *Plaintiff(s)*,

-against-

Savour Sichuan Inc., La Vie En Szechuan Restaurant
Corp., Yi Zhang, Weimin Hong, Dongmei Wei, Xiaomen
Gu, Jane Doe and John Doe # 1-10

        *Defendants*.
----------------------------------------------------------------X

Docket Number: 19-2515

**Collective Action Complaint**

Plaintiff, Xiaochun Gao, on her own behalf and on behalf of all others similarly situated, by and through his attorneys, the Hui Chen & Associates, PLLC, complaining of the Defendants, Savour Sichuan Inc., La Vie En Szechuan Restaurant Corp., Yi Zhang, Weimin Hong, Dongmei Wei, Xiaomen Gu, Jane Doe and John Doe # 1-10, alleges and shows the Court the following:

## INTRODUCTION

1. This is an action brought by Plaintiffs on their own behalf and on behalf of similarly situated employees, alleging violations of Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of

failing to pay their employees, including Plaintiff, overtime compensation for all hours worked over forty (40) each workweek.

3. Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (a) unpaid overtime compensation; (b) liquidated damages; (c) attorney's fees and costs.

4. Plaintiffs further allege pursuant to New York Labor Law and New York Common Law that they are entitled to recover from Defendants: (a) compensation for wages paid at less than the statutory minimum wage; (b) back wages for overtime work for which Defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §650 et seq. and the supporting New York State Department of Labor regulations; (c) unpaid "Spread of Hours" premium; (d) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL; (e) liquidated damages equal to the sum of unpaid "spread of hours" premium, and unpaid overtime compensation pursuant to the NY Wage Theft Prevention Act; (f) attorney's fees and costs.

## THE PARTIES

### PLAINTIFFS

5. Xiaochun Gao (hereinafter "Plaintiff") is an individual residing in Bayside, New York.

### CORPORATE DEFENDANTS

6. Upon information and belief, Defendant Savour Sichuan Inc., (hereinafter "Savour Restaurant") was and is a domestic limited liability company whose principal place of business is located at 108 West 39th St., New York, New York 10018.

7. Upon information and belief, Defendant La Vie En Szechuan Restaurant Corp., (hereinafter "Szechuan Restaurant") was and is a domestic company created under the laws of the State of New York whose principal place of business is located at 14 East 33rd Street, New York, New York 10016.

8. Upon information and belief, the gross revenue of Savour Restaurant was not less than $500,000.00.

9. Upon information and belief, the gross revenue of Szechuan Restaurant was not less than $500,000.00.

10. Upon information and belief, the two corporate defendants, Savour Restaurant and Szechuan Restaurant are operated under common ownership and under common management for a joint business purpose, as a joint enterprise.

11. Upon information and belief, Savour Restaurant and Szechuan Restaurant have unified and interrelated operations, centralized control of labor relations, and interrelated business goals.

12. Upon information and belief, the defendants Savour Restaurant and Szechuan Restaurant have operated in the manner outlined in paragraph 10-11, inclusive, for at least the three years preceding the filing of this Complaint.

13. At all times relevant herein, Savour Restaurant and Szechuan Restaurant were, and continue to be, "enterprises engaged in commerce" within the meaning of FLSA.

## INDIVIDUAL DEFENDANTS

14. Upon information and belief, Defendant Yi Zhang, (hereinafter "Zhang") is an individual, whose actual place of business is located at 14 East 33rd Street, New York, New York 10016 and 108 West 39th St., New York, New York 10018.

15. Upon information and belief, at all times herein pertinent, Defendant Zhang, served as a principal, officer and/or manager of Defendant Savour Restaurant and Defendant Szechuan Restaurant.

16. Upon information and belief, Defendant Weimin Hong, (hereinafter "Hong") is an individual, whose actual place of business is located at 108 West 39th St., New York, New York 10018.

17. Upon information and belief, at all times herein pertinent, Defendant Hong, served as a principal, officer and/or manager of Defendant Szechuan Restaurant.

18. Upon information and belief, Defendant Dongmei Wei, (hereinafter "Wei") is an individual, whose actual place of business is located at 108 West 39th St., New York, New York 10018.

19. Upon information and belief, at all times herein pertinent, Defendant Wei, served as a principal, officer and/or manager of Defendant Szechuan Restaurant.

20. Upon information and belief, Defendant Xiaomen Gu, (hereinafter "Gu") is an individual, whose actual place of business is located at 108 West 39th St., New York, New York 10018.

21. Upon information and belief, at all times herein pertinent, Defendant Gu, served as a principal, officer and/or manager of Defendant Szechuan Restaurant.

22. Upon information and belief, the defendant Zhang, own majority beneficial interest of the defendant Savour Restaurant.

23. Upon information and belief, the defendant Zhang, conducted substantially all the management functions of the defendant Savour Restaurant.

24. Upon information and belief, the defendant Zhang, Hong, Wei and Gu own majority beneficial interest of the defendant Szechuan Restaurant.

25. Upon information and belief, the defendant Zhang, Hong, Wei and Gu, conducted substantially all the management functions of the defendant Szechuan Restaurant.

## JURISDICTION AND VENUE

26. Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and Plaintiff relies upon 28 U.S.C. § 1367 to invoke supplemental jurisdiction with respect to the state law claims which form another basis for recovery upon the same factual nexus, specifically Articles 6 & 19 of the Labor Law,12 NYCRR § 142, et seq., Article 2 of the Lien Law, and other appropriate rules, regulations, statutes, and ordinances.

27. Venue is based upon 28 U.S.C. § 1391(b)(1), insofar as at least one of the Defendants resides within this Judicial District, and (b)(2), insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

## MATERIAL FACTUAL ALLEGATIONS

28. At all times herein pertinent, the Defendants, and each of them, were engaged in an industry having an affect on commerce within the meaning of 29 U.S.C. § 203.

29. At all times herein pertinent, and in the course of their duties, Plaintiffs regularly handled products which had been moved in commerce.

30. Plaintiffs' primary duties did not include the exercise of discretion and independent judgment with respect to any matters of significance.

31. Savour Restaurant operates as a Chinese cuisine restaurant.

32. Szechuan Restaurant operates as a Chinese cuisine restaurant.

33. Plaintiff was employed by the Defendants from December 1, 2016 until February 6, 2018, worked at both Savour Restaurant and Szechuan Restaurant as waitress.

34. Plaintiff was employed by Defendants from October 7, 2018 to January 13, 2019, worked at Savour Restaurant.

35. From October 7, 2018 to January 13, 2019, Plaintiff was assigned as waitress on weekdays and cashier on weekends.

36. Throughout her employment, Plaintiff worked seven days per week. From Monday to Friday, Plaintiff worked from 12 noon until 10:00 pm. From Saturday to Sunday, Plaintiff worked from 11:00 am until 10:00 pm. Plaintiffs worked ten (10) to eleven (11) hours each day, and seventy-two (72) hours each week.

37. Plaintiffs are entitled to spread of hours premium for this stated employment period.

38. During Plaintiff's employment with Defendants as waitress on weekdays, Plaintiff was paid approximately $66 daily regardless of the hours she worked.

39. During Plaintiff's employment with Defendants as cashier on weekends, Plaintiff was paid at a fixed rate of $130.00 daily regardless of the hours she worked.

40. Plaintiffs regularly worked for the Defendants in excess of forty (40) hours a week but did not receive any overtime premium of one and a half times his regular rate of pay for those hours.

41. Plaintiff was not provided a written wage notice, in English and in Chinese (the primary language identified by Plaintiff) when she was hired, including but not limited to information about their rate of pay and basis thereof, allowances, including regular pay day designated by Defendants.

42. Throughout her employment with Defendants, Plaintiff was not overtime-exempt under federal and state laws.

43. Upon information and belief, Defendants Zhang, Hong, Wei and Gu had the power to hire employees at Savour Restaurant and Szechuan Restaurant.

44. Defendants Zhang, Hong, Wei and Gu controlled the terms of the Plaintiff's employment in that they would tell Plaintiffs what tasks to complete and on what time frame they needed to be completed.

45. Upon information and belief, Defendants Zhang, Hong, Wei and Gu controlled the work schedule of all of the employees of Savour Restaurant and Szechuan Restaurant, including the Plaintiffs' work schedules.

46. Upon information and belief, Defendants Zhang, Hong, Wei and Gu controlled the rates and methods of payment of each of the employees of Savour Restaurant and Szechuan Restaurant, including the Plaintiffs' pay rate and method of pay.

47. At all times herein pertinent, Plaintiff performed their duties for Defendants Savour Restaurant and Szechuan Restaurant, at the direction and under the control of Defendants.

48. Upon information and belief, and at all times herein pertinent, Defendants Zhang, Hong, Wei and Gu exercised close control over the managerial operations of Savour Restaurant and Szechuan Restaurant, including the policies and practices concerning employees.

49. At all times herein pertinent, Defendants Zhang, Hong, Wei and Gu controlled the terms and conditions of employment, supervised employees, made decisions as to hiring and firing and as to wages with respect to the employees of Savour Restaurant and Szechuan Restaurant in general, and with respect to the Plaintiff in particular.

50. At all times herein pertinent, Defendants Zhang, Hong, Wei and Gu acted as Plaintiff's employer within the meaning of the FLSA and the New York State Labor Law.

51. The Defendants did not create or maintain records showing the precise number of hours Plaintiff worked or of wages she earned.

52. Plaintiff alternatively allege that Defendants created records showing the number of hours Plaintiff worked and/or of wages he earned but upon information and belief, has not maintained them as required by law.

53. Defendants failed to furnish Plaintiff with proper annual wage notices, as required by the NYLL.

54. Defendants failed to furnish Plaintiff with a proper statement with every payment of wages, as required by the NYLL.

55. Defendants did not provide Plaintiff and other Collective Action Members with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay. These notices were similarly not provided upon Plaintiff and other Collective Members' pay increase(s).

### COLLECTIVE ACTION ALLEGATION

56. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

57. Defendants knowingly and willfully operated their business with a policy of not paying the New York State unpaid "Spread of Hours" premium to Plaintiff and other similarly situated employees.

58. Plaintiff brings this action individually and on behalf of all other and former non- exempt employees who have been or were employed by the Defendants at each of their four finishing locations for up to the last five(5) years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive minimum wages, spread-of-hours pay, and/or overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to

the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

59. Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than ten (10) Collective Action Members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

60. Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

61. This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this collective that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

62. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

63. Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

    a) Whether the Defendants employed Collective Action members within the meaning of the FLSA;

    b) Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

    c) Whether the Defendants failed to pay the Collective Action Members spread of hours payment for each day an employee worked over 10 hours;

    d) Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL;

    e) Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and,

    f) Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

64. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

65. Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## AS AND FOR A FIRST CAUSE OF ACTION
## FEDERAL FAIR LABOR STANDARDS ACT AGAINST THE DEFENDANTS, AND EACH OF THEM (FAILURE TO PAY OVERTIME)

66. The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

67. The overtime wage provisions set forth in the FLSA, 29 U.S.C. § 201 et seq., and the supporting federal regulations, apply to Defendants and protect Plaintiffs.

68. Defendants have failed to pay Plaintiff overtime wages to which they have been entitled under the FLSA - at a rate of 1.5 times their regular rate of pay - for all hours worked in excess of 40 per workweek.

69. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

70. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**AS AND FOR A SECOND CAUSE OF ACTION STATE WAGE AND HOUR LAW AGAINST THE DEFENDANTS, AND EACH OF THEM (FAILURE TO PAY OVERTIME)**

71. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

72. At all relevant times, Plaintiff was an employee of Defendants within the meaning of the New York Labor Law.

73. Defendants are a joint employer of the Plaintiff within the meaning of the New York Labor Law.

74. The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

75. Defendants have failed to pay Plaintiff the overtime wages to which they were entitled under the New York Labor Law.

76. By Defendants' failure to pay Plaintiff premium overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the New York Labor Law Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142, et seq.

## AS AND FOR A THIRD CAUSE OF ACTION STATE WAGE AND HOUR LAW AGAINST THE DEFENDANTS, AND EACH OF THEM (FAILURE TO PAY SPREAD OF HOURS)

77. The Plaintiff hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

78. The Defendants herein knowingly, willfully and in bad faith violated Articles 6 & 19 of NYLL, and more particularly 12 NYCRR § 142-2.4, by failing to pay Plaintiff, one additional hour of pay at the prevailing minimum wage for each day during which there was a split shift and/or the spread of hours exceeded 10 hours.

## AS AND FOR A FOURTH CAUSE OF ACTION NEW YORK STATE LABOR LAW AGAINST THE DEFENDANTS, AND EACH OF THEM (FAILURE TO PROVIDE ANNUAL WAGE NOTICES)

79. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

80. Defendants have willfully failed to furnish the Plaintiff with annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the

employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

81. Through their knowing or intentional failure to provide the Plaintiff with the annual wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

### AS AND FOR A FIFTH CAUSE OF ACTION NEW YORK STATE LABOR LAW AGAINST THE DEFENDANTS, AND EACH OF THEM (FAILURE TO PROVIDE WAGE STATEMENTS)

82. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

83. Defendants have willfully failed to furnish the Plaintiff with statements with every payment of wages as required by NYLL, Article 6, § 195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

84. Through their knowing or intentional failure to provide the Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

**WHEREFORE**, Plaintiff prays for judgment as against the Defendants, and each of them, as follows:

a) awarding back pay for overtime pay due and owing to the Plaintiff;

b) awarding back pay for spread of hours pay due and owing to the Plaintiff;

c) awarding back pay for all monies improperly requested, demanded, and/or received by Defendants from Plaintiff in order to retain employment with the Defendants;

d) Declaring that Defendants violated the provisions of the NYLL relating to notice and record keeping requirements regarding employees, and awarding Plaintiffs statutory damages and any other relief authorized under the NYLL for violations of those requirements;

e) Declaring that the liens in question are valid, and the extent and priority of each lien described herein;

f) Declaring that Plaintiffs acquired a good and valid lien against certain premises in the County of Kings, and known as 320 Macon Street, Brooklyn, New York, designated as Block 1853, Lot 42 and upon the interest of any of the Defendants therein in the sum of $26,784.00;

g) Adjusting and determining the equities of all the parties to this action and determining that Plaintiff's lien be deemed to have priority over all other liens and claims against the premises;

h)     Adjudging that Defendants, other lienors, and all persons claiming by, through, or under them be forever foreclosed of all equity of redemption or other lien, claim or interest in the premises;

i)     That the premises be sold, as provided by law, and that out of the proceeds of such sale, Plaintiff be paid the amount of its lien and interest, with the expense of the sale and the costs and disbursements of this action, and that Plaintiff have judgment against the Defendants for any deficiency which may remain;

j)     awarding liquidated damages pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, § 198(1-a), 663(1);

k)     awarding the costs and disbursements of this action, along with reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, § 198(1-a), 663(1);

1)     awarding any other relief this Court deems just, proper and equitable.


Dated:      Flushing, New York
            March 19, 2019

                                                    Hui Chen and Associates, P.L.L.C.

                                                     /s/ Hui Chen_____
                                                    By:  Hui Chen, Esq.
                                                    136-20 38th Ave., Suite 9E
                                                    Flushing, NY 11354
                                                    Tel:  (718) 463-2666
                                                    Email: hui.chen@alum.cardozo.yu.edu
                                                    *Attorneys for Plaintiffs*