# MEMO ENDORSED

## HUI CHEN & ASSOCIATES, PLLC

COUNSELLORS AT LAW

HUI CHEN*  
NATELLA VINNIKOV*  
CHEN CHEN

*ADMITTED IN NEW JERSEY AND NEW YORK

136-20 38TH AVENUE, SUITE 9E  
FLUSHING, NY 11354  
---  
TELEPHONE: (718) 463-2666  
TELECOPIER: (718) 463-2555  
E-MAIL: hui.chenlawoffice@gmail.com

MANHATTAN OFFICE  
1185 6th Ave, Suite 301  
NEW YORK, NY 10036

USDC SDNY  
DOCUMENT  
ELECTRONICALLY FILED  
DOC #:_____  
DATE FILED: 09/21/2021

September 14, 2021

*Via* ECF  
Hon. Katherine H. Parker, U.S.M.J.  
United States District Court  
Southern District of New York.  
500 Pearl Street, Room 750  
New York, NY 10007

**A Discovery Conference in the matter is hereby scheduled for Tuesday, September 28, 2021, at 10:30 a.m. Counsel for the parties are directed to call Judge Parker's AT&T conference line at the scheduled time. Please dial (866) 434-5269; access code 4858267.**

SO ORDERED:

*Katharine H. Parker*

HON. KATHARINE H. PARKER  
UNITED STATES MAGISTRATE JUDGE  
09/21/2021

RE: **First Letter Motion to Compel Defendants to Produce Notice Mailing List & to Authorize Publication of the Notice via Social Media, including WeChat, WhatsApp, FaceBook, and up to (10) social media sites of Plaintiff's choosing, or alternatively, Publication of the Notice at the Defendants' Expenses.**
19-cv-02515-JPC-KHP *Gao v. Savour Sichuan Inc. et al*

Your Honor,

This office represents the Plaintiff in the above-captioned matter. We write respectfully to request the Court to (i) compel Defendants to produce the FLSA collective notice mailing list and (ii) to authorize publication of the notice via email, social media chat, and up to ten (10) social media sites of Plaintiff's choosing, or alternatively conspicuously posting and newspaper publication of the notice at the Defendants' Expenses.

### I. Background

On May 28, 2021, Plaintiff XIAOCHUN GAO filed a "Motion for Conditional Collective Certification" under section 216(b) of the FLSA (Dkt. No. 84). The motion sought an order from the Court:

(1) for conditional certification and to implement a court supervised notification to the putative class member under 29 U.S.C. § 216(b).

On August 11, 2021, the Court partially granted this motion through an oral order, as reflected in the transcript of the telephone conference. As such, Defendants were ordered to produce a list of "the names, last mailing address, phone number, email, WhatsApp, WeChat and/or Facebook user names, work location, dates of employment and position" for the employees that worked at Savour Sichuan and La Vie en Szechuan from March 21, 2016 to May

19, 2019 by the date of August 31, 2021. *See* Transcript of Telephone Conference (Dkt. No. 92-93).

## II.     Defendants' Failure to Comply with the Order

According to the transcript of the oral Order, Defendants shall produce to Plaintiff in reasonably convenient form the list of contact information and employment dates of all former non-managerial employees that worked in Savour Sichuan and La Vie en Szechuan from March 21, 2016 to May 19, 2021 by August 31, 2021.

The undersigned sent an email with an excel template for the list of information to Defendants on August 12, 2021. The undersigned also sent to Defendants on August 16, 2021 a copy of the transcript of the Telephone Conference dated August 11, 2021 pursuant to the Court's order, which the Defendants acknowledged.

On September 3, 2021, having not received the list of information from Defendants, the undersigned sent an email to Defendants as a reminder that the Court has ordered for the Defendants to produce the information by August 31, 2021.

On September 7, 2021, the undersigned sent another email reminding Defendants that the list of information has to be provided.

The undersigned has tried to confer with Defendants' Counsel via telephone but were unable to reach Defendants' Counsel.

To this date, Defendants have not produced and the undersigned has not received any such information as ordered to be produced in any form.

## III.    Plaintiff's Proposed Remedies

Plaintiffs seeks compliance with the Court's Order in this regard. Should Defendant continue to flaunt court order, Plaintiff respectfully requests a publication of an abbreviated notice via social media, and up to ten (10) social media sites of Plaintiff's Choosing, or alternatively, a newspaper publication of the notice at the Defendants' Expenses.

Courts have frequently granted the newspaper publication of collective notices where Defendants have been unwilling to produce collective lists for mailing. *See Chen v. Shanghai Café Deluxe Inc. et al*, No. 16-cv-04790 (S.D.N.Y. May 11, 2017 and June 13, 2017) ("Defendant is directed to either produce the employee list to Plaintiff or to publish a notice of pendency in a Chinese language newspaper, in a form acceptable to Plaintiff and at Defendant;s expense"); *Lin v. Joe Japanese Buffet Restaurant Inc. et al*, No. 17-cv-03435-WFK-SMG (E.D.N.Y. Jan. 26, 2018) ("In light of defendants' failure to maintain books and records identifying their employees and containing contact information for them, plaintiff may publish an abbreviated Section 216(b) notice at defendant's [sic] expense."); *Wang v. Happy Hot Hunan Restaurant, Inc. et al*, No. 17-cv-02013-RA-JLC (S.D.N.Y. Apr. 23, 2018) (where "defendants have made an effort to produce the names and addresses and have not been able to provide information with respect to the vast majority of the collective," Court directed notice to be posted at Defendants' business as well as newspaper publication at defendants' expense "[b]ecause the

posting alone will not adequately notify collective members who have left defendants' employment.").

Courts have also allowed publication of collective notices online via social media because such publication is both more likely to reach the putative collective members and less costly that traditional newspaper publication. *See, e.g. Sarikaputar et al v. Veratip Corp. et al*, No. 17-cv-00814-ALC-SDA (S.D.N.Y. Oct. 31, 2018) and *Sarikaputar et al v. Veratip Corp et al*, No. 17-cv-00814-ALC-SDA (S.D.N.Y. June 24, 2019) (first compelling production of collective list, second granting both newspaper and social media notice publication).

Plaintiff also requests attorney fees incurred by Plaintiff as a result of Defendants' failure to comply with the Court's Order to be awarded to Plaintiff, as Defendants' conduct necessitated this letter motion. *See* FRCP 37(5)(A).

For the foregoing reasons, Plaintiffs respectfully request that Defendants be ordered to comply immediately with the Court's Order dated August 11, 2021 by providing an employee/mailing list. Plaintiff further respectfully requests the court award Plaintiff's attorney fees incurred in compelling production of the employee/mailing list, and the publication of the collective notice. Plaintiff respectfully requests the above requested order to facilitate meaningful corrective action in this FLSA case.

We thank the Court for its attention to and consideration of this matter.

    Respectfully submitted,
    Hui Chen and Associates, PLLC

    /s/ Hui Chen
    Hui Chen, Esq.
    *Attorney(s) for Plaintiff*

cc: via ECF
    all counsel of record