Case 1:19-cv-02515-JPC-KHP   Document 118   Filed 10/20/21   Page 1 of 6

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/20/2021

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
XIAOCHUN GAO,

                          Plaintiff,

      -against-

SAVOUR SICHUAN INC. et al.,

                         Defendants.
------------------------------------------------------------------X

**19-CV-2515 (JPC)(KHP)**

**DISCOVERY ORDER**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

      Plaintiff Xiaochun Gao filed a letter motion *nunc pro tunc* for depositions and document production and a letter motion seeking a conference to compel Defendants to produce contact information and employment dates of former non-managerial employees. (ECF Nos. 112-13.) Based on this Court's review of the record, no conference is necessary to address Plaintiff's requests. For the reasons that follow, Plaintiff's motions are DENIED.

## BACKGROUND

      Plaintiff commenced this action on March 21, 2019 against Defendants alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") and the New York Labor Law § 650 *et seq*. (ECF No. 1.) Plaintiff was employed as a waitress in Defendants' restaurants from December 1, 2016 until February 6, 2018 and alleges she was not paid overtime wages and did not receive labor notices as required under New York law.

      On May 6, 2020, the Honorable Edgardo Ramos entered a scheduling order concluding fact discovery on October 30, 2020. (ECF No. 32.) On November 17, 2020, the Honorable John P. Cronan extended the discovery deadline to December 17, 2020. (ECF. No. 44.) On January 5,

2021 the undersigned granted Plaintiff's request to file an amended complaint and further extended discovery to be completed by July 30, 2021. (ECF No. 48.) On September 28, 2021, the Court directed Plaintiff that to the extent additional discovery was needed, to "file an appropriate discovery motion setting forth the particular discovery requested and why there is good cause for extending discovery at this point, when the discovery deadline has passed." (ECF No. 102.)

Plaintiff filed two discovery letter motions on October 12, 2021 and Defendants filed their responses on October 17, 2021. (ECF Nos. 112-15.) In Plaintiff's first letter regarding *nunc pro tunc* discovery, Plaintiff argues that discovery should be reopened because "questions and document production requests would have been moot before the additional two Defendants . . . the discovery of Defendant Xiaoman Duan's name . . . and the granting of Plaintiff's Motion for Conditional Collective Certification[.]" (ECF No. 112.) Plaintiff's second letter regarding its motion to compel asserts that Defendants' production was deficient and did not include contact information for all employees from March 21, 2016 to February 2018. (ECF No. 113.)

## DISCUSSION

When fact discovery is closed, a Plaintiff must show good cause for reopening discovery to compel the production of certain information and conduct depositions under Fed. R. Civ. P. 16(b)(4). Furthermore, a "party seeking to reopen discovery must show why the court's deadlines could not reasonably have been made despite its diligence." *King v. Friend of Farmer, Inc.*, 2000 WL 290355, at *1 (S.D.N.Y. Mar. 21, 2000) (citation and internal quotations omitted).

2

Trial courts have broad authority to oversee and set a discovery schedule as appropriate for each case. *Williams v. Rosenblatt Sec., Inc.*, 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017) (recognizing broad discretion of magistrate judges in resolving discovery disputes). A court-ordered discovery schedule may be modified and discovery reopened with the court's consent, for good cause shown. *See* Fed. R. Civ. P. 16(b)(4). Rule 16 does not set forth a definition of "good cause." However, any interpretation and application of Rule 16 must be consistent with Rule 1's mandate to "secure the just, speedy, and inexpensive determination of every action" and, particularly relevant here, Rule 26's mandate to limit the extent of discovery when "the party seeking discovery has had ample opportunity to obtain the information" within the schedule set by the court. Fed. R. Civ. P. 1 & 26(b)(2)(C). In the context of a motion to reopen discovery or permit certain discovery after expiration of a court-established deadline, courts in this Circuit undertake a fact-intensive analysis that considers a wide variety of factors, including:

> (1) [W]hether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence.

*Bakalar v. Vavra*, 851 F. Supp. 2d 489, 493 (S.D.N.Y. 2011) (declining to hear additional discovery on remand); *see also Rubik's Brand Limited v. Flameau, Inc.*, No. 17-cv-6559 (PGG) (KHP), 2019 WL 257884 (S.D.N.Y. Jan. 14, 2019) (extending deadline to serve expert reports); *Moroughan v. Cty. of Suffolk*, 320 F. Supp. 3d 511 (E.D.N.Y. 2018) (permitting reopening of discovery after applying six-factor test).

The deadline for fact discovery has passed.  In considering the factors above, the Court finds that good cause has not been shown to warrant reopening discovery.  Even though a trial date has not been set in this action and reopening discovery would not impact the timing of a trial, that is but one factor.  Taken collectively, Defendants not only oppose Plaintiff's requests for the additional depositions and the document productions here, but as the non-moving party, the Court finds that Defendants would be prejudiced should discovery be reopened given the additional legal fees related to preparing for and holding depositions and reviewing documents to be produced.

The fourth factor, which assesses the diligence of the moving party to obtain the information sought, weighs most heavily against Plaintiff.  Plaintiff's arguments that discovery should be reopened is unavailing because Plaintiff fails to show why she could not complete discovery by the deadline set by this Court of July 30, 2021.  The two additional Defendants noted in Plaintiff's letter were added in the Second Amended Complaint filed on January 6, 2021.  (ECF No. 51).  On March 23, 2021, Plaintiff filed her Third Amended Complain because of a name correction, four months before the close of discovery, and almost a full seven months before this motion.  (ECF No. 67.)  Although, the Court granted (in part) Plaintiff's motion to certify class on August 11, 2021, after the close of discovery, Plaintiff did not request an extension based on the possibility of uncovering new information.  Plaintiff had the relevant information to conduct further inquiries of deponents long before the close of discovery.  Thus, Plaintiff was not diligent in obtaining the information it now seeks to obtain.

4

Regarding the fifth factor, this factor is neutral as additional discovery is not further contemplated by the parties given the extensive discovery period granted by the Court. As to the final factor, it also weighs against Plaintiff. Plaintiff fails to articulate how additional documents and depositions would uncover relevant evidence. As to the motion to compel, Defendants aver that they have turned over all relevant documents in their possession and Plaintiff has not provided any evidence to show that is not the case. As to the depositions, Plaintiff fails to identify what relevant evidence may be uncovered through additional depositions and document production. Thus, this factor also weighs against Plaintiff.

In sum, Plaintiff has failed to establish good cause as to why the Court should modify its prior order and reopen discovery to compel Defendants to produce the requested materials and allow for additional depositions.

Lastly, Defendants' requests for attorney's fees for having to respond to Plaintiff's motions are DENIED. Defendants' provide no legal basis or justification for an award of attorney's fees.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's requests to reopen discovery and compel production are DENIED. Likewise, Defendants' requests for attorney's fees are DENIED.

**SO ORDERED.**

Dated: New York, New York
October 20, 2021

*Katharine H. Parker*
_____
KATHARINE H. PARKER
United States Magistrate Judge