```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
XIAOCHUN GAO,                                                          :
                                                                       :
                              Plaintiff,                               :
                                                                       :    19 Civ. 2515 (JPC)
              -v-                                                      :
                                                                       :          ORDER
SAVOUR SICHUAN INC., et al.,                                           :
                                                                       :
                              Defendants.                              :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

The parties shall meet and confer to discuss whether they are willing to consent, under 28 U.S.C. § 636(c), to conducting all further proceedings before the Honorable Katharine H. Parker, United States Magistrate Judge.

If all parties consent to proceed before Judge Parker, counsel for Plaintiff must, by February 16, 2023, file a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge form, available at https://www.nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf.  If the Court approves that form, all further proceedings will then be conducted before Judge Parker rather than before the undersigned.  Any appeal would be taken directly to the United States Court of Appeals for the Second Circuit, as it would be from this Court if the consent form were not signed and so ordered.  If any party does not consent to conducting all further proceedings before Judge Parker, the parties must file a joint letter, by February 16, 2023, advising the Court that the parties do not consent, but without disclosing the identity of the party or parties who do not consent.  The parties are free to withhold consent to conducting all further proceedings before Judge Parker without negative consequences.

In the event the parties do not consent to proceed before Judge Parker, the parties should

also provide the undersigned with their views as to whether the case should proceed as a bench trial or a trial by jury. Pursuant to Federal Rule of Civil Procedure 38(b)(1), a party must serve a jury demand "no later than 14 days after the last pleading directed to the issue is served." "Failure to serve a demand constitutes a waiver of that right." *Westchester Day Sch. v. Vill. of Mamaroneck*, 504 F.3d 338, 356 (2d Cir. 2007) (citing Fed. R. Civ. P. 38(d)). None of the pleadings in this case asserts a jury demand, and the docket does not reflect any separately filed jury demands within fourteen days of the pleadings. Accordingly, it appears that the parties have waived their right to a trial by jury.

That said, under Rule 39(b), "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." However, "some cause beyond mere inadvertence must be shown to permit an order granting an untimely demand.'" *Chen v. Hunan Manor Enter.*, 340 F.R.D. 85, 88 (S.D.N.Y. 2022) (quoting *Higgins v. Boeing Co.*, 526 F.2d 1004, 1006 n.2 (2d Cir. 1975)). Accordingly, if the parties intend to proceed with a jury trial, their status letter should address whether reasons exist "beyond mere inadvertence" to warrant a favorable exercise of discretion under Rule 39(b).

SO ORDERED.

Dated: February 9, 2023  
New York, New York

                                                              JOHN P. CRONAN  
                                                          United States District Judge