UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

XIAOCHUN GAO,                                     :
                                                  :
                        Plaintiff,                :
                                                  :                19 Civ. 2515 (JPC)
            -v-                                    :
                                                  :                ORDER
SAVOUR SICHUAN INC., *et al.*,                    :
                                                  :
                        Defendants.               :
                                                  :
-------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Trial is scheduled to begin in this case on July 17, 2023.  On June 12, 2023, Plaintiff filed a proposed pre-trial order, which asserted that "[t]his matter will be tried to a jury."  Dkt. 153 at 3. Also on that day, Plaintiff filed proposed jury instructions and a proposed verdict form, Dkt. 154, and proposed voir dire questions, Dkt. 155.  Plaintiff is reminded once again that this trial will be conducted as a bench trial.  Dkt. 143 ("As the parties have not identified any 'cause beyond mere inadvertence' to permit the Court to exercise its discretion to order a jury trial under Rule 39(b), trial in this case will be conducted as a bench trial." (citations omitted)).

Further, in the proposed pre-trial order, Plaintiff lists, among the claims to be tried: "Whether Defendants violated the NYLL by failing to pay Plaintiff at a rate equal to or in excess of the minimum wage; N.Y. Lab. L. §§ 652(1), 652(4), 663(1); 12 N.Y.C.R.R. § 142-2.1."  Dkt. 153 at 2.  The Court notes that the Third Amended Complaint, which is the operative Complaint in this case, does not include any cause of action for failure to pay minimum wage under the New York Labor Law (or under the Fair Labor Standards Act, for that matter).  *See* Dkt. 67 ¶¶ 85-113. The parties therefore are advised that trial in this matter will not involve any claims alleging Defendants' failure to pay Plaintiff the minimum wage, whether under New York state or federal

law.

The Third Amended Complaint does contain claims for failure to provide wage notices as required by New York Labor Law section 195(1), *id.* ¶¶ 98-100, and for failure to provide wage statements as required by New York Labor Law section 195(3), *id.* ¶¶ 101-103.  Courts in this District have determined that a failure to provide such wage-related information, without more, is insufficient to allege an injury-in-fact to create standing in federal court.  *See, e.g.*, *Neor v. Acacia Network, Inc.*, No. 22 Civ. 4814 (ER), 2023 WL 1797267, at *4 (S.D.N.Y. Feb. 7, 2023); *Shi v. TL & CG Inc.*, No. 19 Civ. 8502 (SN), 2022 WL 2669156, at *8-9 (S.D.N.Y. July 11, 2022); *Ramirez v. Sake II Japanese Rest., Inc.*, No. 20 Civ. 9907 (JLR) (BCM), 2023 WL 3354881, at *9 (S.D.N.Y. Apr. 24, 2023) *report and recommendation adopted by* 2023 WL 3346768 (S.D.N.Y. May 10, 2023); *see also Francisco v. NY Tex Care, Inc.*, No. 19 Civ. 1649 (PKC) (ST), 2022 WL 900603, at *7 (E.D.N.Y. Mar. 28, 2022).  Therefore, by June 26, 2023, the parties shall provide the Court with additional briefing articulating their positions as to whether Plaintiff has standing to bring such claims in this case.

In addition, per the Court's Order dated April 19, 2022, the proposed pre-trial order should have been made as a joint filing.  Defendants did not sign the proposed order and do not appear to have contributed to it.  Dkt. 153 at 6-7.  Therefore, by June 14, 2023, Defendants shall file a letter with the Court explaining why they failed to comply with the Court's Order, and further shall submit a revised proposed pre-trial order with Defendants' contributions.  Failure to do so may result in sanctions.

At the final pre-trial conference scheduled for July 11, 2023, the parties should be prepared to discuss the standing issue raised by the Court.  Defendant Xiaoman Duan should be prepared to discuss the legal basis for her counter-claim.  Dkt. 144 at 6.  It appears from the Docket that several Defendants have ceased appearing in this case.  Any Defendant that fails to attend or send counsel

to the final pre-trial conference will be deemed to have defaulted in this case.

     SO ORDERED.

Dated: June 13, 2023
     New York, New York

                                          JOHN P. CRONAN
                                  United States District Judge