```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
XIAOCHUN GAO,                                                          :
                                                                       :
                                                                       :
                          Plaintiff,                                   :
                                                                       :   19 Civ. 2515 (JPC)
               -v-                                                     :
                                                                       :   ORDER
                                                                       :
SAVOUR SICHUAN INC., et al.,                                           :
                                                                       :
                          Defendants.                                  :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On February 16, 2024, this Court issued its Findings of Fact and Conclusions of Law, following a three-day bench trial conducted in July 2023. Dkt. 182. As the Court explained in that decision, Plaintiff's claims for violations of state and federal labor law encompassed two distinct periods. *Id.* at 13-14. First, Plaintiff testified that between 2016 and 2018, she worked at Savour Sichuan and occasionally at La Vie En Szechuan Restaurant for her then employer, Defendant Yi Zhang. *See id.* at 13. Second, Plaintiff testified that between 2018 to 2019, she worked exclusively at Savour Sichuan, at that point under the employ of Defendants Weimin Hong and Dongmei Wei. *See id*. at 14. As the Court found, in February 2018, Zhang had transferred his ownership interests in Savour Sichuan, Inc. to Defendants Xiaoman Duan and Wei. *Id.* at 15. Because Defendants La Vie En Szechuan Restaurant Corporation ("La Vie") and Yi Zhang had not appeared at the trial, the Court refrained from making any factual determinations as to Plaintiff's first employment period and considered only the trial evidence as relevant to the claims arising from Plaintiff's second employment period. *Id.* at 14. Ultimately, the Court rendered judgment against Defendants Savour Sichuan, Inc., Wei, and Hong, awarding Plaintiff

approximately $7,286.64 in damages, as well as pre- and post-judgment interest. *Id.* at 59; *see also* Dkt. 183 (judgment).

On March 14, 2023, Plaintiff moved for default judgment against La Vie. Dkts. 195-196, 197 ("Motion for Default Judgment"). Plaintiff further moved to strike Zhang's answer to the first amended Complaint, *see* Dkt. 28 (Zhang's answer), requesting that the Court render default judgment against him as well. Dkts. 198-99, 200 ("Motion to Strike"). In these two motions, Plaintiff appears to ask this Court to hold La Vie and Zhang jointly and severally liable for the judgment it rendered against Savour Sichuan, Inc., Dongmei Wei, and Weimin Hong. Motion for Default Judgment at 13-15; Motion to Strike at 12-13. The Court requests further briefing on several issues.

First, Plaintiff should explain why the Court must strike Zhang's answer to the first amended Complaint for Plaintiff to proceed on Plaintiff's request for default judgment and why Plaintiff cannot merely request a certificate of default against Zhang for his subsequent nonparticipation in this matter.

Second, the certificate of service at Docket Number 201 indicates that Plaintiff served its recent submissions on La Vie and Yi Zhang at 14 East 33rd Street New York, NY, 10016. Plaintiff is ordered to explain why service at this address—which does not appear from the Court's research to be currently affiliated with either Defendant—is reasonably calculated to provide notice to these two Defendants.

Third, Plaintiff is ordered to explain how Defendant Yi Zhang has been served with notice of any of Plaintiff's filings since November 17, 2020, when this Court granted Mr. Morel's motion to withdraw as attorney of record for Zhang. *See* Dkt. 44. And in connection with that issue,

Plaintiff should be prepared to show cause why this Court should not instead dismiss Plaintiff's claims against Defendant Yi Zhang for failure to prosecute.

Lastly, Plaintiff is ordered to explain why this Court may hold La Vie and Yi Zhang jointly and severally liable for labor law violations arising from Plaintiff's employment at Savour Sichuan between 2018 and 2019.  Plaintiff contends that La Vie should be held jointly liable as a "single integrated enterprise" with Savour Sichuan (and cites a 2015 decision in this Court), but Plaintiff fails to explain how the February 1, 2018 transfer of ownership of Savour Sichuan and the fact that Plaintiff did not work at La Vie En Szechuan Restaurant during that period might affect that theory. *See, e.g.*, Motion for Default Judgment at 9.  Moreover, Plaintiff fails to explain how Zhang may be held liable for labor violations that occurred during Plaintiff's second period of employment at Savour Sichuan, during which, according to Plaintiff's own testimony, Zhang was no longer her employer.  *See* Dkt. 182 at 13.

Plaintiff is ordered to provide a full and complete written response to the issues identified above, including citations to pertinent legal authority, no later than this Friday, April 26, 2024. Plaintiff should refrain from merely repeating arguments already made in Plaintiff's recent submissions to the Court.

Counsel is reminded of his obligations under Federal Rule of Civil Procedure 11 to ensure that any arguments presented are not frivolous.

SO ORDERED.

Dated: April 24, 2024
      New York, New York                                JOHN P. CRONAN
                                                   United States District Judge