UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                         :

XIOACHUN GAO,                            :

                           :

                Plaintiff,           :

                           :                  19 Civ. 2515 (JPC)

        -v-                     :

                           :          MEMORANDUM OPINION

                           :             AND ORDER

SAVOUR SICHUAN INC., *et al.*,        :

                           :

                Defendants.      :

                           :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

From July 17 through July 19, 2023, the Court conducted a three-day bench trial for Plaintiff Xiaochun Gao's claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and the New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 190 *et seq.*, 650 *et seq.*, against corporate Defendants Savour Sichuan, Inc. ("Savour") and The Best Sichuan, Inc., as well as individual Defendants Dongmei Wei, Weimin Hong, Xiaoman Duan, and Jie Fang.  *See* Dkt. 164 (trial transcript for July 17, 2023); Dkt. 166 (trial transcript for July 18, 2023); Dkt. 168 (trial transcript for July 19, 2023).  In its Findings of Fact and Conclusions of Law issued on February 16, 2024, the Court found Savour, Wei, and Hong ("Defendants") liable on Gao's NYLL claims for minimum wage, overtime wages, and spread-of-hours pay.  *See Gao v. Savour Sichuan Inc.*, No. 19 Civ. 2515 (JPC), 2024 WL 664718, \*19-24 (S.D.N.Y. Feb. 16, 2024).  The Court further found that Defendants failed to sustain their burden of demonstrating the requisite good faith to preclude the award of liquidated damages under Section 198(1-a) of the NYLL.  *Id.* at \*26.  The Court thus awarded Gao damages in the amount of $3,743.32 in compensatory damages and $3,743.32 in liquidated damages, exclusive of pre- and post-judgment interest.  *See* Dkt. 183 (judgment).

On March 3, 2024, Savour, Wei, and Hong filed a letter motion asking this Court to reconsider its decision concerning the liquidated damages award.  Dkt. 184 ("Motion").  Gao opposed the request.  Dkt. 193 ("Opposition").

Federal Rule of Civil Procedure 52(b) permits a court, "[o]n a party's motion filed no later than 28 days after the entry of judgment," to "amend its findings—or make additional findings— and . . . amend the judgment accordingly."  Fed. R. Civ. P. 52(b).[1]  "A party moving pursuant to Rule 52(b) may seek to correct 'manifest errors of law or fact . . ., or in some limited situations, to present newly discovered evidence.'"  *Soberman v. Groff Studios Corp.*, No. 99 Civ. 1005 (DLC), 2000 WL 1253211, at *1 (S.D.N.Y. Sept. 5, 2000) (quoting *United States v. Local 1804-1, Int'l Longshoremen's Ass'n*, 831 F. Supp. 167, 169 (S.D.N.Y. 1993), *aff'd sub nom. United States v. Carson*, 52 F.3d 1173 (2d Cir. 1995)).  Rule 52(b) does not permit parties, however, to "relitigate old issues, to advance new theories, or to secure a rehearing on the merits."  *Local 1804-1*, 831 F. Supp. at 169 (internal quotation marks omitted).

Yet Defendants here attempt to do just that.  Indeed, in asking this Court to reconsider its determination on liquidated damages, Defendants do not contend that the Court's holding rested on any manifest error of law or fact.  *See generally* Motion.  Rather, they simply insist that (1) they "sought the advice of the previous owner (Yi Zhang)[] about paperwork in the restaurant business," (2) they "consulted their previous attorney and their accountant," and (3) Wei in particular "testified that she wanted to comply with the applicable laws, and that to do so, she consulted people whom she trusted would know what to do in order to be in compliance with the labor laws."  *Id.* at 2.  And they

---

[1] The Court agrees with Gao's observation that "[w]hile Defendants nowhere invoke it, their motion appears on its face to be a motion under Rule 52(b) of the Federal Rules of Civil Procedure," Opposition at 1.

urge in conclusory fashion that they thus "made a good faith effort to be in compliance with the labor laws applicable here." *Id.* The Court discerns no basis from these contentions to amend its findings.

As alluded to above, Defendants seem to suggest in their letter motion that they consulted their previous attorney on the dictates of New York labor law. *See id.* ("Defendants also consulted their previous attorney . . . so obviously they could reasonably rely on these as well, to believe that they were in compliance with the labor laws."). Neither Wei nor Hong, however, testified to that effect at trial. Indeed, the only reference in the trial record to Defendants' consultation with their attorneys (at least before the commencement of this action) is Hong's testimony that attorneys were involved in the process of "handling the ramification of the fire" that destroyed Savour Sichuan in May 2019. Dkt. 168 (trial transcript for July 19, 2023) at 303:25-304:23. To the extent that Defendants are attempting to now introduce evidence that they consulted their attorneys on complying with New York labor law, such evidence, which plainly would have been available to Defendants before trial, does not constitute "newly discovered evidence" warranting possible post-judgment amendment of the Court's findings. *Cf. Soberman*, 2000 WL 1253211, at *1 (explaining that Rule 52(b) does not "provide an avenue for a party 'merely ruing an oversight of its own in failing to introduce foreseeably relevant evidence'" (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998))).

And as for Defendants' consultations with their accountant and Zhang, the Court expressly considered those efforts in concluding that Defendants nevertheless failed to sustain their burden of proving that they had a good faith basis to believe that their practices complied with the law. *See Gao*, 2024 WL 664718, at *26. As explained in the Court's Findings of Fact and Conclusions of Law, Wei's testimony that her accountant had advised her of the non-tipped minimum wage rate, that Zhang had instructed her to calculate overtime wages by multiplying the tipped minimum wage by 1.5, and that "an employee from the accounting office mentioned something about [a] 1.675

3

[multiplier]" for the overtime wage calculation, Dkt. 168 (trial transcript for July 19, 2023) at 228:9-12, is insufficient to demonstrate that Defendants took "active steps to ascertain the dictates" of the law and then "act[ed] to comply with them," *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999). *See Gao*, 2024 WL 664718, at *26. In fact, as the Court discussed, Wei's testimony revealed that she had received conflicting guidance on how to calculate overtime rates, and yet she took no additional steps to confirm the appropriate calculation. *Id.* The Court further noted that Defendants appeared not to have taken any steps to determine whether Gao's cashier and server hours should be aggregated for the purposes of overtime payments. *Id.*[2] The Court discerns no manifest error of fact or law in this analysis.

Accordingly, the Court denies Defendants' motion for reconsideration. The Clerk of Court is respectfully directed to close Docket Number 184.

SO ORDERED.

Dated: July 19, 2024
New York, New York
JOHN P. CRONAN
United States District Judge

---

[2] In light of Defendants' plea that that "[a]ny deficiency in compliance was not willful or deliberate in order to cheat the employees, but rather an honest mistake," Motion at 2, it bears emphasizing that the Court, in holding that Defendants failed to sustain their burden of proving good faith, did not necessarily find that Defendants acted in bad faith or willfully violated the relevant labor laws. Before November 24, 2009, the liquidated damages provision under the NYLL required an employee to prove "that the employer's failure to pay the wage required by [article 6 of the NYLL] was willful," N.Y. Lab. Law § 198(1–a) (version effective before Nov. 23, 2009), but that provision has since been amended, "making it easier for employees to claim liquidated damages." *Inclan v. New York Hosp. Grp., Inc.*, 95 F. Supp. 3d 490, 504 (S.D.N.Y. 2015). Indeed, "[b]eginning on November 24, 2009, an employee would be *presumptively* entitled to liquidated damages, unless the employer provides a good faith basis to believe that its underpayment of wages was in compliance with the law." *Id.* (emphasis added) (internal quotation marks omitted). And as the Court noted in its Findings of Fact and Conclusions of Law, the employer's "burden of proving good faith and reasonableness . . . is a difficult one, with double damages being the norm and single damages the exception," *Herman*, 172 F.3d at 142. *See Gao*, 2024 WL 664718, at *26. The Court's determination that Defendants failed to sustain this heavy burden thus did not rest on a finding that Defendants acted deliberately to "cheat" their employees.