UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                :
XIAOCHUN GAO,                                                   :
                :
                            Plaintiff,              :         19 Civ. 2515 (JPC) (KHP)
                :
            -v-                      :         <u>ORDER ADOPTING</u>
                :         <u>REPORT AND</u>
LA VIE EN SZECHUAN RESTAURANT CORP., *et al.*,  :         <u>RECOMMENDATION</u>
                :
                         Defendants.        :
                :
-------------------------------------------------------------------- X

JOHN P. CRONAN, United States District Judge:

       Plaintiff Xiaochun Gao brings this action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law, N.Y. Lab. Law §§ 190 *et seq.*, against corporate Defendants Savour Sichuan, Inc., The Best Sichuan, Inc., and La Vie En Szechuan Restaurant Corp., as well as individual Defendants Dongmei Wei, Weimin Hong, Xiaoman Duan, Jie Fang, and Yi Zhang. Dkt. 67 (third amended complaint). From July 17 through July 19, 2023, the Court conducted a three-day bench trial on Gao's claims against Savour Sichuan, The Best Sichuan, Wei, Hong, Duan, and Fang. Following the trial, the Court found Savour Sichuan, Wei, and Hong (the "Appearing Defendants") partly liable, awarded Gao damages from the Appearing Defendants, and dismissed Gao's claims against The Best Sichuan, Duan, and Fang. *See* Dkt. 182 (findings of fact and conclusions of law). On July 18, 2024, the undersigned held a hearing on Gao's motion for default judgment against La Vie En Szechuan Restaurant Corp. and Zhang (the "Defaulted Defendants") and found liability on certain claims. *See* Dkt. 226 (transcript for default judgment hearing). The Court referred the case to the Honorable Katherine H. Parker for a damages inquest as to the Defaulted Defendants and for a report and recommendation on Gao's motion seeking

attorneys' fees from both the Appearing Defendants and the Defaulted Defendants. Dkts. 220, 234. Judge Parker issued a Report and Recommendation on December 18, 2024, recommending that Zhang be found liable for $26,725.92, that Zhang and La Vie En Szechuan be found liable for $42.00, and that Gao be awarded attorneys' fees in the amount of $32,475.50 and costs in the amount of $546.25, divided between the Appearing Defendants and Zhang. Dkt. 235 ("R&R").[1]

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). If a party submits a timely objection to any part of the magistrate judge's disposition, the district court will conduct a *de novo* review of the contested section. Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). If no objections are made, the district court reviews the Report and Recommendation for clear error. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

The Report and Recommendation, citing Rules 6 and 72 of the Federal Rules of Civil Procedure as well as 28 U.S.C. § 636(b)(1), advised Gao that she had fourteen days, and Defendants that they had seventeen days, from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. R&R at 27. The docket reflects service of the Report and Recommendation on December 18, 2024. *See* Dkts. 235, 236. No objections have been filed and the time for making any objections has passed. The parties have therefore waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga Cnty.*, 517 F.3d 601 (2d Cir. 2008).

---

[1] Judge Parker recommended that the Appearing Defendants be liable for 75% of the attorneys' fees and all of the costs, and that Zhang be liable for 25% of the attorneys' fees and none of the costs. R&R at 23-24.

Notwithstanding this waiver, the undersigned has conducted a *de novo* review of the Report and Recommendation, and finds it to be well reasoned and its conclusions well founded. Accordingly, the Court adopts the Report and Recommendation in its entirety. The Clerk of Court is respectfully directed enter judgment in favor of Gao as to Defendants La Vie En Szechuan Restaurant Corp. and Yi Zhang consistent with this Order and the Report and Recommendation, and to terminate the case.

SO ORDERED.

Dated: January 7, 2025
      New York, New York

                                          JOHN P. CRONAN
                                  United States District Judge